United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTENSE, LLC,
Plaintiff,
v.
BIVIUM FREIGHT, LLC,
Defendant.

Case No. 26-cv-05615-JSC

**ORDER TO PLAINTIFF TO SHOW CAUSE RE: DIVERSITY JURISDICTION**

Intense, LLC ("Intense") sues Bivium Freight, LLC ("Bivium") for breach of contract and other state law claims. (Dkt. No. 1.)[1] Intense alleges diversity subject matter jurisdiction. As Intense filed suit in federal court, it bears the burden of pleading facts necessary for diversity jurisdiction. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Intense has not met its burden.

Intense alleges it is an "Ohio Limited Liability Company" and Bivium is an "Illinois Limited Liability Company." (Dkt. No. 1 ¶¶ 2, 3.) But, besides Plaintiff's failure to even allege what it means by an "Ohio Limited Liability Company", "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). So, the state of incorporation and registered agent for service are irrelevant to the question of diversity jurisdiction. *See Cone v. Greenwood Motor Lines Inc.*, No. CV-24-03119-PHX-DWL, 2025 WL 2107636, at *1 (D. Ariz. July 28, 2025) (considering allegations an LLC "'is a foreign limited liability company domiciled in Ohio and registered to do business in Maricopa County, Arizona,' . . . irrelevant in assessing the citizenship of an LLC, as an LLC 'is a citizen of every state of which its owners/members are citizens.'" (quoting *Johnson*, 437 F.3d at 899)).

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

Accordingly, Plaintiff is ordered to show cause as to diversity jurisdiction. In particular, on or before **August 10, 2026**, Plaintiff shall file a written submission establishing diversity jurisdiction under the correct legal standard, or, if it cannot do so, dismiss the action without prejudice.

**IT IS SO ORDERED.**

Dated: August 3, 2026

JACQUELINE SCOTT CORLEY
United States District Judge